**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES *ex rel.* DR. DAVID ZIELINSKI, | : <br> : <br> : **Civil Case No. 24-cv-10667-MJJ** <br> : |
| *Relator-Plaintiff,* | : JURY TRIAL DEMANDED <br> : |
| v. | : <br> : |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE and DR. LEE NADLER, | : <br> : <br> : |
| *Defendants.* | : <br> : |

**JOINT AGENDA UNDER LOCAL RULE 16.1(B)(1) FOR
RULE 16 CONFERENCE ON AUGUST 20, 2026**

The parties, Relator-Plaintiff Dr. David Zielinski ("Relator-Plaintiff") and Defendants, President and Fellows of Harvard College ("Harvard") and Dr. Lee Nadler ("Dr. Nadler," and collectively with Harvard, the "Defendants"), by and through their undersigned counsel, submit this Joint Agenda Under Local Rule 16.1(B)(1) for Rule 16 Conference on August 20, 2026 and in support thereof state:

**By Relator-Plaintiff:**

Relator-Plaintiff has two topics for the agenda under Local Rule 16.1(B)(1).

*First*, as set forth in Section E, at pages 9-12, of the Joint Rule 26(f) Report and Discovery Plan, filed on February 9, 2026, at ECF No. 46 (the "Joint Rule 26(f) Report"), the parties disagree on the parameters of what communications between the parties and counsel are excused from being logged for potential privilege.

In accordance with Federal Rules of Civil Procedure 1 and 26(b)(1), and to ensure that the discovery conducted by the parties is proportional to the needs of the case, Relator-Plaintiff proposes placing some limitations on the communications that would otherwise have to be logged

1

under Rule 26(b)(5). Relator-Plaintiff proposes that Relator-Plaintiff be excused from logging any communications solely between him and his attorneys, and experts or consultants hired by his attorneys, regarding this litigation, as these documents are protected by both the attorney-client privilege and the attorney work product doctrine. Relator-Plaintiff proposes a similar, but slightly different exception for Defendants.

For Defendants, Relator-Plaintiff proposes that the exception for Defendants shall not apply until after the unsealing of this action on July 3, 2025 because that date would be the first time Defendants learned about the litigation. Therefore, there could not be communications "regarding this litigation" until after Defendants knew about this litigation. Relator-Plaintiff also proposes that the exception for Defendants shall apply only to Defendants' outside litigation counsel, not Harvard's internal counsel, as it is well-known that in-house counsel can wear dual hats and serve as both legal and business advisors. Additionally, Relator-Plaintiff proposes that the exception for Defendants shall explicitly exclude "business advice," and proposes specific language, outlined below, to accomplish this goal.

The language Relator-Plaintiff proposes to reflect this position is:

a)  Any documents or communications regarding this litigation sent solely between counsel for Relator, including persons employed or retained by such counsel for the purpose of this litigation, such as experts or consultants (even if not eventually disclosed as experts in this case), and Relator; and

b)  After the unsealing of this action on July 3, 2025, any document or communication regarding this litigation, excluding any business advice and communications about business decisions, plans, actions, or practices, sent solely among outside litigation counsel for Defendants, including persons employed or retained by such counsel for purposes of this litigation, such as

experts or consultants (even if not eventually disclosed as experts in this case), and Defendants. Notwithstanding the foregoing, privileged documents or communications that may otherwise be exempt from logging under this subpart must nevertheless be logged if any portion of the document or communication also concerns business decisions, plans, actions, or practices.

*Second*, as set forth in Section F, at pages 13-14, of the Joint Rule 26(f) Report, the parties disagree on the number of depositions that is appropriate for a case of this complexity.

Relator-Plaintiff proposes that the limitation on depositions be increased to a total of 150 hours of record deposition time for fact witnesses per side. This proposal allows both parties enough flexibility to prioritize certain depositions but also provides a reasonable limit given the complexity of this case. This increase in the amount of depositions is necessary in this matter because Relator-Plaintiff has identified a number of non-parties who likely have relevant and important information relating to his claims. Further, many of these non-party individuals are in Defendants' control, which puts Relator-Plaintiff at a significant disadvantage since Defendants will be able to speak with these witnesses, and more, without this type of discovery counting towards their record deposition time.

The pleadings demonstrate that this case is complex and involves grants which total over $250,000,000. The grant applications alone are over 2,000 pages long and list hundreds of key individuals or otherwise significant personnel and cover highly technical information across several broad categories.

Relator-Plaintiff disagrees with Defendants' proposal that the parties shall have to seek leave to exceed 70 hours of record deposition time because this will be cumbersome on the parties and the Court and will lead to unnecessary motion practice, which will cause unnecessary delays. Relator-Plaintiff further disagrees with Defendants' proposal that only Relator-Plaintiff's

deposition time should be enlarged to 10 hours. If there is an enlargement of any party's deposition, then the same enlargement should apply to all three parties, and to the depositions of the two defendants.

**<u>By Defendants</u>:**

Defendants provide the following responses to the topics posed by Relator-Plaintiff.

*First*, the source of the disagreement between the parties concerning what communications need **not** be logged in a privilege log is Relator-Plaintiff's insistence that the scope be ***different*** for the two parties and ***more generous*** to Relator-Plaintiff. This fundamentally unfair asymmetry stems from Relator-Plaintiff's refusal to acknowledge the simple fact that one of the defendants (Harvard University) is an institution, not an individual, that acts through the decisions of individuals (lawyers) in the Office of its General Counsel. It is not, as Relator-Plaintiff claims, some arbitrary date restriction that separates the parties—if the Court is inclined to limit Harvard's relief from logging communications to a date after the July 3, 2025 unsealing of the complaint in this action, so be it. The source of the dispute is Relator-Plaintiff's insistence that communications about this litigation between Defendants' outside counsel and lawyers in the Office of Harvard's General Counsel be logged. If Relator-Plaintiff need not log his communications about this litigation with his outside counsel—as Relator-Plaintiff proposes—the lawyers in the Office of Harvard's General Counsel likewise should not be required to log their communications about this litigation with their outside counsel. Accordingly, Defendants propose, in the interest of equitable treatment and fairness, the following two additional carveouts from what needs to be logged:

a) Any documents or communications regarding this litigation sent solely among outside litigation counsel, including persons employed or retained by such counsel for the purpose

of this litigation, such as experts or consultants (even if not eventually disclosed as experts in this case), and Defendants, including attorneys in the Office of the General Counsel;

b) Any documents or communications regarding this litigation sent solely between counsel for Relator, including persons employed or retained by such counsel for the purpose of this litigation, such as experts or consultants (even if not eventually disclosed as experts in this case), and Relator.

Finally, Relator-Plaintiff's proposal regarding the logging of business advice seeks to impose a superfluous (and entirely one-sided) burden having no basis in the Federal Rules. Business advice and communications concerning business advice are not privileged, and thus would not be listed in a privilege log in the first place.

*Second*, Defendants believe that the limit of ten depositions (70 hours of record deposition time) provided for in Rule 26.1(c) of the Local Rules for the United States District Court for the District of Massachusetts is an appropriate limit in this case, with the exception of Relator's deposition, which should be enlarged to 10 hours on the record. Relator's request for 150 hours— which equates to over 21 depositions—is over double the limit provided by this Court and under the Federal Rules of Civil Procedure and is plainly disproportionate to the needs of the case. While the grant applications may indeed list many individuals who had some role relating to the work performed under the grants at issue at some point in time, Relator ignores the fact that most of these individuals played minor roles, and that there are a limited number of decisionmakers at Harvard Catalyst who can readily speak to the programs and work performed as a whole. Further, Relator's few specific allegations relate only to certain of Harvard Catalyst's many programs, rendering the vast majority of Harvard Catalyst personnel entirely irrelevant to this case. Relator also offers no reason why Relator should be granted 150 deposition hours at this time, before

discovery has even begun. Defendants propose that, if necessary after conducting the depositions allowed by the Rules, Relator may seek leave to exceed the ten-deposition limit. That approach would allow the parties to confer as to the merits of deposing specific individuals and narrow any disputes to be presented to the Court.

Respectfully submitted,

KANG HAGGERTY LLC

/s/_*Kandis L. Kovaslsky*_____
Edward T. Kang (*pro hac vice*)
Kandis L. Kovalsky (*pro hac vice*)
Ross M. Wolfe (*pro hac vice*)
Walter O. Bourdaghs (BBO #712864)
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
P: (215) 525-5850
F: (215) 525-5860
ekang@kanghaggerty.com
kkovalsky@kanghaggerty.com
rwolfe@kanghaggerty.com
wbourdaghs@kanghaggerty.com

WHISTLEBLOWER LAW
COLLABORATIVE LLC

*/s/ David W. S. Lieberman*_____
David W. S. Lieberman (BBO #673803)
Erica Blachman Hitchings (BBO #669825)
20 Park Plaza, Suite 438
Boston, MA 02116-4334
P: (617) 366-2800
F: (888) 676-7420
david@whistleblowerllc.com
erica@whistleblowerllc.com

*Attorneys for Relator-Plaintiff David S. Zielinski*

6

ROPES & GRAY LLP
*/s/ Andrew J. O'Connor*
John P. Bueker (BBO #636435)
Andrew J. O'Connor (BBO# 672960)
Elena W. Davis (BBO# 695956)
800 Boylston Street
Boston, MA 02199-3600
P: (617) 951-7000
John.bueker@ropesgray.com
Andrew.oconnor@ropesgray.com
Elena.davis@ropesgray.com

*Attorneys for Defendants*

Dated: August 13, 2026

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES *ex rel.* DR. DAVID ZIELINSKI, | : <br> : <br> : **Civil Case No. 24-cv-10667-MJJ** <br> : |
| *Relator-Plaintiff,* <br> v. | : JURY TRIAL DEMANDED <br> : <br> : |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE and DR. LEE NADLER, | : <br> : <br> : |
| *Defendants.* | : |

### CERTIFICATE OF SERVICE

I, Kandis L. Kovalsky, hereby certify that on August 13, 2026, a true and correct copy of the Joint Agenda Under Local Rule 16.1(B)(1) For Rule 16 Conference was served via ECF electronic filing upon all counsel of record.

                                        **KANG HAGGERTY LLC**

                              By:    */s/ Kandis L. Kovalsky*
                                        Kandis L. Kovalsky (pro hac vice)

Dated: August 13, 2026

8